REGAN, Judge.
Plaintiffs, the heirs of Lazaro Lopez, Sr.,[1] instituted this petitory action [2] against the defendants,[3] the widow and heirs of Lazaro Lopez, Jr., endeavoring to establish their right to redeem from the State of Louisiana an undivided one-half interest in a large tract of land located in St. Bernard Parish, acquired by Lopez, Sr., on March IS, 1902. Plaintiffs explained therein that the defendants wrongfully chose to redeem this property, adjudicated to the State of Louisiana for non-payment of 1907 and 1908 state taxes, predicated on the erroneous assertion that Lopez, Jr., was the purchaser appearing in the March 15, 1902, conveyance thereof.
The defendants answered and admitted the filing of a mandamus proceeding to redeem the property; however, they insisted that ownership was initially in Lopez, Jr., and not in his father, as the plaintiffs contend.
From a judgment recognizing the redeemable interest of'the Lopez, Sr., heirs, the defendants have appealed. Plaintiffs have answered the appeal and requested that this court correct a technical error in the decree of the lower court, in that the property had been redeemed when judgment was rendered; therefore, plaintiffs should have been recognized as owners thereof.
On the trial hereof, the litigants stipulated that the only question posed for our consideration was whether the purchaser of an undivided one-half interest in the St. Bernard property was Lazaro Lopez, Sr., or Lazaro Lopez, Jr.
The record reveals that the Lake Borgne Levee District conveyed to a person designated merely as L. Lopez and William Du-Kate the disputed acreage on March 15, 1902, as per act consummated before James D. St. Alexander, a St. Bernard Parish Notary Public. At this time DuKate and Lopez, Sr., were partners in a cannery factory located in Biloxi, Mississippi. They also possessed other business interests in several Gulf Coast states. Lopez, Jr., during this period of time was employed in his father’s cannery. Lazaro Lopez, Sr., while in the course of an extended visit to Europe died in Rome, Italy, on September 26, 1903.
Louisiana state taxes were not paid on this property in either the years of 1907 or 1908; thus, it was adjudicated to the State. In 1911, the State donated the property to the Lake Borgne Basin Levee District; however, title never vested in this agency because it failed to meet the legal requisites necessary for the transition of title. Ultimately, the Levee District lost its right to assert title thereto.[4]
In 1956, the DuKate heirs and the heirs of Lazaro Lopez, Jr., jointly instituted a *775 mandamus suit to compel the State of Louisiana to issue to the relators a certificate of redemption on the land upon payment of the 1907 and 1908 taxes due the State. Although a final judgment was rendered in conformity with the relators’ prayer, no certificate of redemption was ever issued. Therefore, the right to redemption has been adjudicated, and the significant issue posed by this litigation is simply which members of the Lopez family are entitled to assert ownership to the undivided interest acquired by one who merely designated himself as L. Lopez.
In order to support their contention that the person who inscribed the name of L. Lopez on the 1902 act of sale was Lazaro Lopez, Sr., the plaintiffs requested the appearance of four witnesses who testified that it was the signature of the elder Lopez. Three of the four witnesses who appeared at the trial hereof were Christian Thompson, a business associate of both Lopez, Sr., and Lopez, Jr., Rowena Lopez Caldwell, the daughter of Lopez, Sr., and R. Hart Chinn, a former banker well acquainted with the signature of Lazaro Lopez, Jr., who positively testified that the signature of Lopez, Jr., was not inscribed on the act of conveyance.
The most impressive handwriting evidence produced on plaintiffs’ behalf was the testimony of Charles Appel, Jr., a document examiner experienced in the analysis of handwriting, who has qualified as an expert in this field in almost every state in the United States.
Appel very convincingly testified that the L. Lopez, who signed the foregoing name to the act as the purchaser of this property, was Lazaro Lopez, Sr. Prior to reaching this conclusion, he had examined a letter written by the elder Lopez to his fiancee in 1870, who later became his wife, another written to his son, Julius, in 1902, and the last will of Lazaro Lopez, Sr. In all of these documents, Appel found similarity in “ * * * the proportions, the directions, the spacing, the pen lifts, the pressure changes, all of the features which go to distinguish writings of one writer from another * *
The distinguishing characteristics of the elder Lopez’s handwriting were the fact that he formed letters in the European style, where he had received his education, and in the embellishment under the name, Lopez, which the writer used when he completed the “z” thereof. In addition, he stated that the L. Lopez in the act of sale could not be the signature of Lazaro Lopez, Jr., because the conceptions of form in his handwriting were completely different.
In rebuttal, the defendants produced the testimony of Eurilda Seal, widow of Lazaro Lopez, Jr., who simply asserted that the L. Lopez who signed the act of sale was her husband and that she remembers when he bought the property.
Predicated on the foregoing evidence, the lower court reasoned that the plaintiffs had proved that the property was purchased by Lazaro Lopez, Sr.
Our review of the record discloses no error in this conclusion, in fact, the abundance of proof adduced by the plaintiffs on the trial hereof leaves no doubt whatsoever that the judgment appealed from is correct.
Plaintiffs, in answering the appeal, have requested that we amend the judgment so as to reveal the plaintiffs as owners of their respective fractional undivided interest in the property, instead of reflecting their interests as redeemable ones. During the course of the trial, a certificate of redemption was issued by the State; therefore, the judgment properly should have revealed that the plaintiffs were owners.
For the reasons assigned, the judgment appealed from is amended to the extent that plaintiffs therein are recognized as owners of their respective fractional interest in and to the following described property:
“All of Sections 26 and 21; also Islands N, M, L, and K in Township *776 12 South, Range 18 East, in the Southeastern Land District of Louisiana, containing 510 acres of land, more or less, situated in the Seventh Ward of the Parish of St. Bernard, State of Louisiana.”
In all other respects the judgment appealed from is affirmed. Defendants are to pay the costs of this appeal.
Amended and affirmed.

. Noreta Lopez, wife of Rucks Yerger; Rowena Lopez, wife of Philip O. Caldwell ; Julius M. Lopez, Jr.; Kathryn Lopez, wife of C. D. Wambagans; Arnard O. Lopez; Mary Aycock, widow of James Lopez, and now wife of Steven Dupuis, individually and as the duly qualified natural tutrix of her minor child, James Lopez; Josephine Polices, wife of Thomas Burns; and Anna Eolkes, wife of E. Robert Kelly.

. The petition was brought as an action to establish title under LSA-R.S. 13:-50G2. That section has been repealed and the remedy provided thereby has now been included in the petitory action. See comment (a) under LSA-Code of Civil Procedure Article 3651.

. Eurilda Seal Lopez, Wilda Lopez Bowr-ing, Lilly Lopez Berggeen, Lazaro Lopez, Patricia Tarr Levitt, Barbara Tarr Kron-inger and Michael Lopez.

. Act 14 of 1892, LSA-R.S. 38 ¡1071 et seq., gave the board of commissioners of the levee district the right to request that the State donate, to the levee district, land in its area that had been adjudicated to the state for non-payment of taxes. Eor title to vest in the levee district, it was required to register ownership once the donation was made. The Lake Borgne Basin Levee District failed to register its title to this land, and in 1924 the legislature passed Act 234, LSA-R.S. 38:1232, 38:1233, 38:1235, which repealed the statute under which the Levee District acquired title.